IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Dr. Rhonda L. Jackson, | ) | Case No. 8:25-cv-11324-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Edgefield County Water and Sewer Authority and Hope Carroway, | ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court on Plaintiff's complaint alleging age and race discrimination. ECF Nos. 1, 9. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings and a Report and Recommendation ("Report"). On August 29, 2025, Defendants filed a motion to dismiss. ECF No. 10. On October 8, 2025, the Magistrate Judge issued a Report recommending that the motion be granted. ECF No. 21. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences for failing to do so. Plaintiff filed objections to the Report, and Defendants filed a reply. ECF Nos. 25, 27.

## APPLICABLE LAW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final

determination remains with the Court.  *See Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b).  The Court will review the Report only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## **ANALYSIS**

As an initial matter, the Magistrate Judge has provided a thorough recitation of the relevant facts and applicable law, which the Court incorporates by reference.  The Magistrate Judge recommends dismissal of this action based upon res judicata.  The Magistrate Judge provides a more complete timeline; briefly, Plaintiff's husband brought a case in state court based upon the same incident that forms the basis of this complaint.  A motion for summary judgment was granted in the state court.  Because Plaintiff filed objections,[1] the Court's review has been de novo.[2]

---

[1] The Court notes that Plaintiff's objections are signed under penalty of perjury.  The Court has so considered them.

[2] The Court specifically notes that it has reviewed Plaintiff's photographic submissions that could not be filed electronically.  *See* ECF No. 26.

In her objections, as in her response to the motion to dismiss, Plaintiff mainly rehashes her arguments and recitation of facts. In the very beginning of her objections, Plaintiff states that "at the hearing on July 14, 2025 the Hon. Judge Rivers informed Dr. Ronald A. Nurse AAS, BS, MS, MS, MS, Ph.D AADC-P that he can have the case refiled with Dr. Rhonda L. Jackson PH.D as the complaint." ECF No. 25 at 2. As noted by the Magistrate Judge, and confirmed by the provided state court order, the state court judge initially determined that Dr. Nurse, Plaintiff's husband, lacked standing. ECF No. 10-5 at 4–5. However, the state court judge proceeded to a review of the merits of the case and determined, inter alia, that the complained-of conduct was permitted by an express easement and that Dr. Nurse's claims were barred by the South Carolina Tort Claims Act. Accordingly, this objection is overruled.

Turning to the substance of the Magistrate Judge's Report, the Court agrees that this action is barred by res judicata. *See Catawba Indian Nation v. State*, 756 S.E.2d 900, 907 (S.C. 2014). (explaining that the doctrine of res judicata will bar a claim when "(1) the identities of the parties [or their privies] are the same as in the prior litigation, (2) the subject matter is the same as in the prior litigation, and (3) there was a prior adjudication of the issue by a court of competent jurisdiction"). Here, as explained in more detail by the Magistrate Judge, Dr. Nurse and Plaintiff are in privity and the Defendants are the same in both actions. Further the subject matter of both cases is the same, and the state court judge issued a final judgment on the merits of the case before her. Accordingly, the elements of res judicata have been met.

## **CONCLUSION**

For the foregoing reasons, the motion to dismiss [10] is **GRANTED**, and Plaintiff's claims are dismissed with prejudice. *See Lomax v. Walgreen's Corp. Sec'y*, No. 8:25-CV-04796-TMC, 2025 WL 2976574, at *1 (D.S.C. Oct. 22, 2025).

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.<br>United States District Judge

December 16, 2025
Spartanburg, South Carolina

## **NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.